

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 21, 1965

Honorable James A. Morris        Opinion No. C-569
District Attorney
Orange County                    Re: Various questions involving
Orange, Texas                        the construction of Article
                                     2792, V.C.S. and H.B. 243
                                     in reference to the appraising
Dear Mr. Morris:                     and collecting school taxes.

        You requested the opinion of this office upon the
following questions:

        "QUESTION: Can the various school districts
along with the incorporated cities and county
employ a single appraisal or appraising firm for
the entire county and then each of the independent
school districts and cities use his appraisal for
the purpose of assessing taxes based upon his
evaluation assessed in their incorporated limits
or school boundaries?

        "QUESTION: If the incorporated city and
county does not desire to join in this arrangement,
could the school districts make such an arrange-
ment and employ an appraiser, paying him the
amount that each agrees to pay and using his
evaluation for the purpose of assessing their
taxes and then for the County Tax Collector and
Assessor of Orange County collect their taxes
based upon said evaluation, of course, paying
the County Tax Collector and Assessor for the
service.

        "QUESTION: If these questions are answered
negatively, then can the several independent
school districts have their tax collector and
appraisers appraise the property and turn this
appraised value over to the County Tax Collector
and Assessor for the purpose of collecting their
taxes at their appraised evaluation of the property."

-2749-

In reply to your first question, Article 2792, Vernon's Civil Statutes, was amended by House Bill No. 243, 59th Legislature, 1965, only insofar as it allows the Board of Trustees of an independent school district to increase the amount of compensation paid to the assessing and collecting body, whether county, incorporated city, or town. Article 2792, Vernon's Civil Statutes, prior to amendment read:

". . .When the county assessor and collector is required to assess and collect the taxes on independent school districts they shall respectively receive one (1) per cent for assessing, and one (1) per cent for collecting same; and when the assessor and collector of an incorporated city, or town, as hereinbefore provided, is required to assess and collect the taxes of independent school districts the Board of Trustees of such school district may contract with the governing body of said city for payment for such services as they may see fit to allow, not to exceed four (4) per cent of the whole amount of taxes collected and received. . . ."

And as amended by House Bill No. 243, 59th Legislature, 1965:

"'. . .When the county assessor and collector is required to assess and collect the taxes of independent school districts, the Board of Trustees of such school district may contract with the Commissioners Court of said county for payment for such services as they may see fit to allow, not to exceed the actual cost incurred in assessing and collecting said taxes; and when the assessor and collector of an incorporated city, or town, as hereinbefore provided, is required to assess and collect the taxes of independent school districts, the Board of Trustees of such school districts may contract with the governing body of said city for payment for such services as they may see fit to allow, not to exceed the actual cost incurred in assessing and collecting said taxes.'"

The independent school district, when hereafter contracting with either a county, incorporated city, or town to assess and collect the taxes for the school district, is limited to the consideration to be paid for such services only by the "actual cost incurred in assessing and collecting said taxes."

However, it is now well established that a county may employ a private appraisal firm to aid its board of equalization. Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S.W.2d 333 (1961).

". . .Each of the various elected officials, including the Assessor-Collector, has the sphere that is delegated to him by law and within which the Commissioners Court may not interfere or usurp. But that is not to say that the functions of the Board of Equalization and those of the Assessor-Collector are so diverse that information may not be lawfully contracted for and obtained by the Equalization Board because it may likewise be of aid to the Assessor in the performance of his duties. It is the duty of the Assessor as well to determine the value of all taxable property in the county." Pritchard & Abbott v. McKenna, supra.

Citing the above quotation, the case of Nelson v. Blanco Independent School District, 390 S.W.2d 361 (Tex.Civ. App., 1965, no history), applied the same rule to the school district. However, the Court held that the tax assessor-collector of the school district must continue to perform his duties and that all the taxpayers of the school district could render their property to him for assessment. This decision is in conformity with the prior holding.

Similiarly, Opinion No. C-457 (1965) of this office held that where two school districts were consolidated into a new independent school district, the new consolidated district must assess all property throughout the consolidated district and was neither explicitely nor implicitely authorized by either Article 2791 or 2792, Vernon's Civil Statutes, to accept or use one of the prior districts' renditions and tax valuations.

Therefore, in answer to your first question, the school districts, incorporated cities, and county may each employ the same private appraising firm by individually contracting with that firm for its services. The home rule cities, of course, are governed by their charters. However, the private appraising firm may not assume the duties of the office of tax assessor-collector. The firm is restricted to advising and aiding the tax assessor-collector and the Board of Equalization.

Furthermore, the county could contract for the services of the private appraising firm and then each of the individual school districts could in turn contract with the county to assess and collect their respective taxes. The only limitation on such a contract between the individual school district and the county would be the actual cost of the assessment and collection of the taxes. Cities may also contract with the county pursuant to Article 1066b, Vernon's Civil Statutes, which provides in part:

"Section 1. Any incorporated city, town, or village, independent school district, drainage district, water control and improvement district, water improvement district, navigation district, road district, or any other municipality or district in the State of Texas, located entirely or partly within the boundaries of another municipality or district, is hereby empowered, to authorize, by ordinance or resolution, the Tax Assessor, Board of Equalization and Tax Collector of the municipality in which it is located, entirely or partly, to act as Tax Assessor, Board of Equalization and Tax Collector respectively for the municipality or district so availing itself of the services of said officers and Board of Equalization."

"Sec. 1a. Whenever the governing body of any municipality or district taking advantage of this Act shall deem it necessary or expedient, said governing body may, by ordinance or resolution, adopt all or any part of the laws of the State of Texas, charters, ordinances, liens and other provisions applicable to the levying, assessing and collecting of taxes by the district or municipality rendering the tax service. All said laws, charters, ordinances, liens and other provisions are hereby conferred on and made available to any municipality or district taking advantage of this Act in order that the district or municipality rendering the service and its Tax Assessor, Board of Equalization and Tax Collector may levy, assess and collect said municipality's or district's taxes and may assess and collect the taxes of the municipality or district for which it is rendering the services, in a uniform and economical manner.

"Sec. 2. When the Tax Assessor, Board of Equalization, and Tax Collector of any municipality or district have been authorized by ordinance or resolution to act as and perform the duties, respectively, of Tax Assessor, Board of Equalization and Tax Collector of another municipality or district located entirely or partly within its boundaries, such included municipality or district shall pay the municipality or district, the services of whose officers and Board of Equalization are being utilized, for said services and for such other incidental expenses as are necessarily incurred in connection with the rendering of such services, such an amount may be agreed upon by the governing bodies of said two municipalities or districts."

Counties qualify as municipalities, Article XI, Section 1, Constitution of Texas.

In answer to your second question, each independent school district may employ the same private appraisal firm. Furthermore, if they prefer, they may contract jointly with a private firm so long as each is liable only for that portion of the cost of the appraisal, based upon the property within its district. However, the assessor-collector of each district must continue to perform his statutory duties.

In the event the school districts contract with the private appraising firm, they may thereafter contract with the county to have the latter collect the taxes so assessed. Opinion No. V-1559 (1952) of this office held that the county could assess the tax and then the school district could collect it. That opinion reads in part:

". . ./Statutory authority exists for the collection by an independent tax collector, notwithstanding the assessment was made by the County Tax Assessor-Collector. In other words, the assessor and collector may be different, depending upon the election made by the Board of Trustees as to how the matter is to be handled.7"

Moreover, Article 2792, as amended by House Bill No. 243, 59th Legislature, 1965, permits the independent school district to assess the tax and then contract with the county to collect it. House Bill No. 243 provides:

"'When a majority of the Board of Trustees of an independent district prefer to have the taxes of their district assessed and collected by the county assessor and collector, or by the city assessor and collector, of an incorporated city or town in the limits of which the school district, or a part thereof is located, or collected only by the county or city tax collector, same may be assessed and collected, or collected only, as the case may be, by said county or city officers, as may be determined by the Board of Trustees . . ." (Emphasis added)

Your third question is answered by the above.


## S U M M A R Y


Independent school districts, incorporated cities, and counties may individually employ the same private appraisal firm. Further, the county may employ the private firm and then contract with the independent school districts and incorporated cities to assess and collect their taxes pursuant to Article 2792 and 1066b, Vernon's Civil Statutes.

If the county and cities do not desire to employ a private appraisal firm, the independent school districts either individually or as a group may employ a private firm so long as each district is liable only for the cost of appraising the property within its district. The districts may thereafter contract with the county to collect the taxes assessed.

However, a private appraisal firm may not usurp the statutory duties of the Tax Assessor-Collector of the county, school district, or cities but may only act as an adviser to the Tax Assessor-Collector and Board of Equalization. It is the duty of the Tax Assessor-Collector to assess the property and accept renditions of value

by the residents of the county, cities or school districts.

Very truly yours,

WAGGONER CARR
Attorney General

By *Wade Anderson*

Wade Anderson
Assistant

WA:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Grady Chandler
W. E. Allen
Pat Bailey
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright